**WO**                                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Jack Monroe,   )   | No. CV 05-3441-PHX-NVW (VAM) |
|  )   |  |
| Plaintiff,   )   | **ORDER** |
|  )   |  |
| vs.   )   |  |
|  )   |  |
| Joe Arpaio, et al.,   )   |  |
|  )   |  |
| Defendants.   )   |  |
|  )   |  |

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Towers Jail in Phoenix, Arizona. The Court will dismiss the action with leave to amend.

**A.      Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

**JDDL-K**

release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

## B.  **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

## C.  **Complaint.**

Plaintiff sues Sheriff Joe Arpaio, the Maricopa County Sheriff's Office, Sgt. Ogar, and Sgt. Myers. In Count I, Plaintiff alleges that he had a mind-reader on him from the time he was first booked into the jail in July 2005. Plaintiff asserts that when he informed Sgt. Ogar and Sgt. Myers of the mind-reader, they told Plaintiff there was nothing they could do, and they did not transfer Plaintiff to a secure facility. Plaintiff contends that Sgt. Ogar and Sgt.

1  Myers failed to set up a scrambler to block radio waves and satellite frequencies, and they
2  refused to arrest those responsible for the illegal use of a mind-reader.  Consequently,
3  Plaintiff is unable to sleep and suffers from emotional and psychological distress.  Further,
4  Plaintiff states he was recently sexually assaulted.

5  In Count II, Plaintiff alleges that he heard there was a mind-reader on him for the
6  murder of a Phoenix woman.  Plaintiff asserts that, as a result of the mind-reader device on
7  him, he is under constant duress.

8  And in Count III, Plaintiff contends that shortly after he was housed at the jail he was
9  shot with a taser gun and pepper spray.  Plaintiff states this incident occurred as a direct
10 result of the mind-reader.  Plaintiff further alleges that he believes he may have been sexually
11 assaulted, and that he was shot with a ray gun.  Plaintiff asserts that he has scars on his back
12 from the taser and suffers from emotional and psychological distress.

13 For relief, Plaintiff requests the following: (1) that the Court prosecute the parties
14 responsible for having a mind-reader on him; (2) that Defendants monitor or scramble the
15 frequencies and radio transmissions in and out of the jails; and (3) that he be awarded
16 monetary damages.

17 **D.     Improper Defendant.**

18 The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the
19 responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
20 See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative
21 creation of the county sheriff to allow him to carry out his statutory duties, and not a
22 "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's
23 Office will be dismissed from this action as an improper Defendant.

24 **E.     Failure to State a Claim.**

25 *1. Count I and II*

26 In order to recover under § 1983, a plaintiff must show: (1) violation of a right
27 protected by Constitution or federal law; (2) that was proximately caused; (3) by conduct of
28 a "person" named as a defendant; (4) acting under color of state law.  See Crumpton v. Gates,

JDDL-K                                    - 3 -

1  947 F.2d 1418, 1420 (9th Cir. 1991). A complaint is frivolous if it lacks an arguable basis
2  either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under the *in forma*
3  *pauperis* statute, the Court is accorded the "unusual power to pierce the veil of the
4  complaint's factual allegations and dismiss those claims whose factual contentions are clearly
5  baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).
6       In Count I, Plaintiff alleges Defendants failed to transport him to a "secure place" with
7  a scrambler to block frequencies. Plaintiff has no constitutional right to be housed in a
8  facility with a scrambler which blocks "any and all radio, microwave or satellite
9  transmissions." (Compl. at 4). In Count II, Plaintiff simply asserts that he had a mind-
10 reader, and he still has a mind-reader device on him which causes constant duress. These
11 allegations fail to identify a right protected by the Constitution or a federal law. Moreover,
12 Count I and II lack any arguable basis either in law or fact, thus, they will be dismissed with
13 prejudice.
14      *3. Count III - Excessive Force*
15      A complaint may not be dismissed simply because the allegations are improbable or
16 unlikely. Denton, 504 U.S. at 33. Further, when making an initial assessment of an *in forma*
17 *pauperis* complaint, "plaintiff's factual allegations must be weighed in favor of the plaintiff."
18 Id. at 32. Plaintiff's allegation in Count III that he was "tased and peppered sprayed," and
19 consequently has scars on his back, may give rise to a possible claim of excessive force.
20 Plaintiff has not, however, connected his claim to any of the named Defendants. To state a
21 § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific
22 conduct of a defendant, and show an affirmative link between the injury and that conduct.
23 Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). It is possible that Plaintiff may be able
24 to demonstrate facts in support of his claim. Accordingly, the Court will dismiss Count III
25 with leave to amend.
26      If the evidence justifies it, Plaintiff may name persons in their individual capacities.
27 If he does so, he must write short, plain statements telling the court: (1) the constitutional
28 right Plaintiff believes was violated; (2) the name of the person who violated the right; (3)

1  exactly what that individual did or failed to do; (4) how the action or inaction of that person
2  is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury
3  Plaintiff suffered because of that person's conduct. Rizzo, 423 U.S. at 371-72, 377. Plaintiff
4  must repeat this process for each person he names as a Defendant. If Plaintiff fails to do this
5  for any person named as a Defendant, the court will dismiss that Defendant from this action.

6  **F.      Leave to Amend.**

7  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
8  a claim upon which relief may be granted. Plaintiff may amend his Complaint to cure the
9  deficiencies outlined above. The Clerk of Court will be directed to provide Plaintiff with a
10 Court-approved form for filing a civil rights complaint. Plaintiff is advised that the amended
11 complaint must be retyped or rewritten in its entirety on the court-approved form and may
12 not incorporate any part of the original Complaint by reference. Any amended complaint
13 submitted by Plaintiff should be clearly designated as such on the face of the document.

14 Plaintiff is also reminded that in an Amended Complaint, he may only include one
15 claim per count. The "one claim per count" rule is set forth in the form Complaint and
16 accompanying instructions, and is a requirement imposed by the local rules of this Court.
17 See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the
18 form).

19 An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
20 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
21 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent.
22 Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are
23 not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
24 1987).

25 **G.      Address Changes.**

26 In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he
27 must file a notice of change of address if his address changes. Plaintiff is again reminded
28 that at all times during the pendency of this action, Plaintiff shall immediately advise the

JDDL-K

- 5 -

1  Court of any change of address and its effective date.  Such notice shall be captioned
2  "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of
3  Change of Address on all opposing parties.  The notice shall contain only information
4  pertaining to the change of address and its effective date, and shall not include a motion for
5  other relief.  Failure to timely file a notice of change of address may result in the dismissal
6  of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
7  Procedure.

8  **H.    <u>Warning of Possible Dismissal</u>.**

9        Plaintiff should take note that if he fails to timely comply with every provision of this
10  Order, this action will be dismissed without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-
11  61(district court may dismiss action for failure to comply with any order of the Court).
12  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
13  fails to file an amended complaint correcting the deficiencies identified in this Order, the
14  dismissal of this action will count as a "strike" under the "three strikes" provision of the
15  Prison Litigation Reform Act.  <u>See</u> 28 U.S.C. § 1915(g).

16  **IT IS THEREFORE ORDERED that:**

17        (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
18  U.S.C. § 1915(a)(1).

19        (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
20  Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in
21  accordance with this Court's Order to the appropriate government agency filed concurrently
22  herewith.

23        (3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30**
24  **days** from the date this Order is filed to file an Amended Complaint in compliance with this
25  Order.

26        (4)  The Clerk of Court shall enter a judgment of dismissal of this action with
27  prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint
28  within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall

1 make an entry on the docket in this matter indicating that the dismissal of this action falls
2 within the purview of 28 U.S.C. § 1915(g).

3     (5) Aside from the two copies of the petition or amended petition that must be
4 submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy
5 of every pleading or other document filed shall accompany each original pleading or other
6 document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the
7 case is assigned. See LRCiv 5.4. Failure to comply with this requirement may result in the
8 pleading or document being stricken without further notice to Plaintiff.

9     (6) The Clerk of Court shall provide to Plaintiff a current court-approved form for
10 filing a civil rights complaint by a prisoner.

11     DATED this 14th day of November, 2005.

                                          Neil V. Wake
                                         United States District Judge

JDDL-K     - 7 -